### THE STATE EX REL. BOVEE v. BENJAMIN S. CATLIN.

#### No. 3438.

1. **Appointment of City Officers — Term of Office.**— An amended charter for El Paso was enacted April 11, 1891. It provided for elections of certain city officers by the city council on the third Tuesday of April, 1893, and on the same day every two years thereafter. The original charter provided for such elections "on the third Tuesday after the popular municipal elections," which were held on the second Tuesday in April, 1889. Both the original and amended charters gave the council power to fill vacancies. July 9, 1889, relator Bovee qualified upon being elected city clerk. On June 15, 1891, the city council elected Catlin to the office, and he qualified. Quo warranto to test his right to the office. *Held:*

1. If the amended charter in providing for the first election of clerk to be held April, 1893, was intended to extend the term of office of the incumbent, to that extent it was unconstitutional. No such effect can be given to it.

2. The constitutional provision, that "all officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified" (art. 16, sec. 30), never contemplated such legislation, but was intended to meet such emergencies as might occur under laws requiring elections or appointments every two years.

3. There is no actual conflict between the old and new charters as affecting the facts of this case, and it may be presumed that the old remained as to officers until superseded by the new.

2. **Appointment to Fill Future Vacancy.** — It does not affect the right of an appointee to an office that he was appointed in anticipation of a vacancy and before it actually existed; e. g., appointing to an office about to expire by limit of the official term.

APPEAL from El Paso. Tried below before Hon. T. A. FALVEY. The opinion states the case.

*L. H. Davis,* County Attorney El Paso County, for the State of Texas and George E. Bovee, relator; *Millard Patterson* and *C. N. Buckler,* for George E. Bovee, relator.—1. Section 13 of the charter granted to the city of El Paso by the Twenty-first Legislature (Special Laws, p. 37) was repealed by the Act of the Twenty-second Legislature, entitled An Act to amend the charter of the city of El Paso. Special Laws 22d Leg., pp. 93, 94; The State v. Andrews, 20 Texas, 230; Suth. on Stat. Con., secs. 137, 162, 165; Goodno v. City of Oshkosh, 31 Wis., 127; Butler v. Palmer, 1 Hill (N. Y.), 331; The State v. County of Duval, 3 South. Rep., 193; Clay County v. Chickasaw County, 1 South. Rep., 754.

2. Neither the expiration of the two years for which Bovee was elected, nor the repeal of section 13 of the Act of 1889 by the Act of 1892, which took away the power of the city council to elect a successor to Bovee until 1893, would create a vacancy in the office. Special Laws 21st Leg., pp. 37, 38, secs. 13, 15; Special Laws 22d Leg., p. 94, sec. 15; Const. 1876, art. 16, secs. 17, 27; Jones v. City of Jefferson, 66 Texas, 579; Mech. Pub. Offices and Officers, sec. 397, and note; Id., sec. 128, and cases cited; Dill. Mun. Corp., 3 ed., secs. 219, 220, and notes; The State v. Howe, 25 Ohio St., 588; The People Ex Rel. v. Supervisors, 100 Ill., 495; Loring v. Benedict, 15 Minn., 201; The State Ex Rel. Jordon v. Bailey, 33 N. W. Rep., 778; Treadwell v. Yolo County, 62 Cal., 563; The State v. McGovney, 3 S. W. Rep., 867; The State Ex Rel. Carson v. Harrison, 16 N. E. Rep., 385.

3. The action of the city council in electing Catlin at the called meeting held on the 15th day of June being void, could not be ratified at the regular meeting; and the two years for which Bovee was elected not having expired, there was no vacancy; hence the action at the regular meeting could not amount to an appointment. The city council, under the charter of El Paso, could only appoint in case of a vacancy. Charter of El Paso, Special Laws 21st Leg., p. 38, sec. 15; Am. Charter, Special Laws 22d Leg., p. 94, sec. 15.

In the case of Lindsey v. Luckett, 20 Texas, 521, this court says: "The office not being vacant, his right to the office by virtue of that election must fail." Dill. on Mun. Corp., 3 ed., sec. 222; Hallgrew v. Campbell, 9 Lawyers' Rep. Ann., 408; The State v. Peelle, 8 Lawyers' Rep. Ann., 228.

*P. F. Edwards* and *H. H. Neill,* in reply.—1. There was such a vacancy in the office of city clerk, occasioned by the expiration of the term for which appellant was appointed, as the council was authorized and required to fill by appointment at the time it appointed appellee. Special Laws 22d Leg., pp. 93, 94, secs. 7, 13, 15; Special Laws 20th Leg., pp. 35, 37, 38, secs. 6, 13, 15; The State v. Thomas, 30 Am. and Eng. Corp. Cases, 281; The State v. Carson, 113 Ind., 434.

2.   If the effect of the Act of the Legislature of 1891 was to continue Bovee's term of office for a longer period than two years, such act would be in conflict with section 30, article 16, of the Constitution. Const. 1876, art. 16, sec. 30.

'The section of the Constitution above referred to provides, "that the duration of all offices not fixed by this Constitution shall never exceed two years"—an absolute inhibition.   If the Legislature can continue one in office by extending the time for the election or appointment of an officer beyond two years from the time of his election or appoint- ment, it can in that way render nugatory the Constitution.   The Con- stitution limits the duration of the office to two years, and the Legis- lature can have no authority to extend the term beyond that period, and any attempt on its part to do so would be void.

*Peyton F. Edwards* and *H. H. Neill,* for appellee Catlin.—1. The city council of the city of El Paso was authorized to appoint a city clerk at its called meeting on the 15th of June, 1891, and the appointment of the appellee by the council at said meeting was a valid appointment and vested him with the title to said office.

2.   The city council of El Paso had authority, under section 15 of its charter, which was substantially re-enacted by the Act of April 11, 1891, to appoint a city clerk, a vacancy in the office having occurred by the expiration of the term for which the relator Bovee was ap- pointed.   Const. 1876, art. 16, secs. 17, 30; Special Laws 21st Leg., p. 35, sec. 6, p. 37, sec. 13, p. 38, sec. 15; Special Laws 22d Leg., p. 93, sec. 7, p. 94, secs. 13, 15; The State v. Suffeld (N. J.), 20 Am. and Eng. Corp. Cases, 162; 1 Dill. Mun. Corp., sec. 160.

STAYTON, CHIEF JUSTICE.—This is a proceeding in quo warranto on relation of George E. Bovee to test the right of appellee to the office of city clerk of the city of El Paso.   Having been elected clerk of the city by the city council, Bovee qualified on July 9, 1889, the term of office under the charter being two years and until the qualification of a successor.

At the time Bovee was elected the thirteenth section of the charter of the city provided, that "on the third Tuesday after the general popular municipal election in each and every year ending in an odd number, or as soon thereafter as practicable, the city council shall elect by ballot a city clerk, who shall hold his office for two years and until the qualification of his successor."   The general popular municipal election under said act was fixed for the second Tuesday in April of each year, the first election to be on the second Tuesday in April, 1889.

The fifteenth section of the charter provided:   "When a vacancy shall occur in any office, if the vacancy occurs in an office held by an officer elected by the people, a special election shall be held to fill the

same; if in an office within the elective or appointive power of the city council, the council shall proceed to fill the same; if in an office within the appointive power of the mayor, the vacancy shall be filled by him.''

By an amendment to the charter, which took effect on April 11, 1891, the thirteenth section was so amended as to read as follows: "On the third Tuesday in April, 1893, and on the third Tuesday in April in each and every year thereafter ending in an odd number, the city council shall elect by ballot the following named officers, for two years, and until the election and qualification of their successors: a city clerk, a city attorney,'' etc.

And by the same law the fifteenth section was made to read as follows: "When a vacancy shall occur in any office, the city council shall have the power to fill the same by appointment, and the person so appointed shall hold his office until the next ensuing municipal election, if said office is an elective office; but if said office be one within the appointive power of the city council, then the person so appointed shall hold his office for the unexpired term.''

Although the members of the city council were elected on the second Tuesday in April, 1889, no clerk was elected until July 5, 1889. On June 15, 1891, the city council elected B. S. Catlin city clerk, and he qualified and took possession of the office; and so the matter stood when this proceeding was commenced. Some question arising as to the regularity of the special meeting of the city council at which Catlin was appointed, at the next regular meeting he was, in effect, re-appointed.

It is claimed by the relator, that under the amendment to the charter no election could be held until the third Tuesday in April, 1893, and that until that time he was entitled to hold the office; while respondent claims that the city council had power to appoint a city clerk at the time he was appointed; and this is based on the proposition that a vacancy occurred on the expiration of two years from the election and qualification of Bovee.

The court in the findings of law, after stating what would have been the right of Bovee under his election before the amendment of section 13 of the charter, finds that that had been repealed by the act which took effect on April 11, 1891, whereby the city council was deprived of power to elect a clerk until 1893; but it seems to have drawn a distinction between the power to elect and the power to fill a vacancy, and to have held that the city council had the right to deem the office vacant at any time after two years from the qualification of Bovee had expired, and to appoint to fill a vacancy, but at the same time held, that "the Act of the Legislature in repealing section 13 of the charter of the city of El Paso, in so far as it has the effect to continue said G. E. Bovee's term of office for two years longer than the term for which

he was elected, is unconstitutional, being in conflict with section 30 of the Constitution, which limits the duration of the term of such office to two years."

The court further, in effect, found that Catlin's appointment was invalid, because made before the expiration of the term of Bovee, and for this reason ousted him from the office; but as to Bovee, held that the value of the office, or the interest he had in it, was not sufficient to give jurisdiction to the court; and on these findings a judgment was entered that Bovee take nothing, but that Catlin be ousted from the office, and that Bovee, as relator, recover costs of Catlin, and from the judgment all parties appealed.

The Constitution provides, that "The duration of all offices not fixed by this Constitution shall never exceed two years;" and that "All officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified." Const., art. 16, secs. 17, 30.

The leading purposes of the amendment to the thirteenth section of the charter doubtless were to require the election of a city clerk at an earlier period after the popular municipal election was held than under the amended law it was required to be, and to fix definitely a time when such election should be made. In so far there is no objection to the amendment; but if the purpose of the amendment was to deprive the city council and all other authorities of the power to elect a city clerk until the third Tuesday in April, 1893, then, under the provisions of the Constitution before quoted, effect can not be given to so much of the amendment; for the Legislature would have no power thus to extend a term of office beyond the period fixed by the Constitution.

That provision which provides for officers continuing to discharge the duties of their offices until their successors shall be duly qualified never contemplated such legislation; but was intended to meet such emergencies as might occur under laws requiring elections or appointments to such offices to be made every two years; and we are of opinion that effect can not be given to so much of the amendment as provides for elections on the first Tuesday in April, 1893, if it was intended thereby to deprive the city council of the power before that time to elect a city clerk. All other parts of the amendment, however, may stand, leaving the section as it before stood unrepealed in so far as it conferred on the city council the power to elect a city clerk and provided the time when this should be done.

The act by which the amendment was made did not in terms repeal the former law, and it ought not to be presumed that it was intended to interfere with the filling of the several municipal offices the terms of some of which would expire within a short time after the amendment was passed; but rather that it was intended the old law should

govern in respect to this matter until the time arrived when the amendment, in accordance with its terms, should govern.

It is true that no vacancy existed when respondent was appointed, if by vacancy is meant that there was no person who could then lawfully discharge the duties of the office, for relator could lawfully discharge the duties of the office until his successor qualified; but it is true, if it be held that his term of office should continue for two years from the date of his qualification, that the time was near at hand, when the appointment of respondent was made, when his term of office as fixed by law would expire, and it was the duty of the city council to appoint his successor. There was no valid objection to making the appointment of his successor before the expiration of the term for which he was elected, for the election was made by the city council that would have made the appointment had this been delayed until the expiration of two years after his qualification; and that respondent may not have been entitled to enter upon the discharge of the duties of the office until the expiration of his term in no manner affected the validity of the election.

The charter as it was before the amendment required the election of a city clerk on the third Tuesday after the second Tuesday in April, 1889, or so soon thereafter as practicable, and it does not appear why the election of relator was postponed until in July, and it may be that the term for which he could legally hold ought to run from the day on which the election should have been made; but it is not necessary to decide that question. If he was elected to fill a vacancy caused by the death or resignation of a clerk elected at the proper time, then his term was only for the unexpired term. As the Legislature could not lawfully extend relator's term of office until the third Tuesday in April, 1893, we must presume that this was not intended; and as his full term of office had expired when this proceeding was instituted, we are of opinion that his successor was entitled to hold the office of which he was lawfully in possession, and that the court below should have so adjudged.

The judgment will be reversed and here rendered, that the State of Texas and the relator take nothing, and that respondent go hence without day, and receive of relator all costs incurred in this court and in the court below. It is so ordered.

*Reversed and rendered.*

Delivered March 18, 1892.

A motion for rehearing was refused.