## CITY OF HOUSTON v. J. T. MAHONEY.

Decided May 7, 1904.

**1.—City Charter—Police—Term of Office—Wrongful Discharge—Case Followed.**

City of Houston v. Estes, 35 Texas Civ. App., —, followed as to the construction of the special charter of the city of Houston in the matter of term of office of police and the right to recover salary for wrongful discharge.

**2.—Special Charter—Incorporation into City Ordinances—Police—Civil Service—Term of Office—Reappointment.**

The part of the special charter of 1897 of the city of Houston, incorporated into the city ordinances, placing the police under civil service rules, applied to those in office when the incorporation into the ordinances was made as well as those officers to be appointed in the future. But it applied only for the unexpired part of the two-year term and can be given no effect of reappointment upon the expiration of the term during which such incorporation was made. Bovee v. Catlin, 84 Texas, 48, distinguished.

Appeal from the District Court of Harris. Tried below before Hon. Chas. E. Ashe.

*T. H. Stone* and *E. P. Phelps,* for appellant.

*Lock McDaniel* and *Wilson & Jackson,* for appellee.

GILL, ASSOCIATE JUSTICE.—By this suit the appellee sought to recover of appellant his salary as policeman from the 10th of June, 1898, the date of his alleged discharge, until the date of the trial. The court below awarded him his unpaid salary and interest covering the time which elapsed from the date of his discharge to the expiration of a two year term counting from the date of his appointment. He sought to recover a greater sum on the theory that under the city's charter the police department was placed under civil service rules, whereby police officers may hold during good behavior and until trial and ouster by the police and health board on charges duly preferred, and that if he could not hold exceeding two years under these provisions he was nevertheless reappointed on November 11, 1897, and his term extended two years from the date of the expiration of his term. The city has appealed and the appellee presents cross-assignments urging his right to a greater sum than the amount awarded.

Appellee was appointed as a regular policeman of the city of Houston on the 14th day of June, 1897, duly qualified as such, entered upon the duties of his office, served as such and was paid therefor up to June 10, 1898, when without cause and without charges or trial the city marshal assumed to discharge him. Thereafter he was refused assignment to duty, his name stricken from the roll of policemen and payment of his salary refused.

On November 11, 1897, the city of Houston adopted the special charter of 1897 as a part of its code of ordinances. A provision in the charter undertook to continue in office during good behavior those then serv-

ing as policemen and to protect them from discharge except upon trial and for cause in accordance with the charter provisions. Appellee was then in office and continued to serve until June 10, 1898, as above stated, his salary being paid to that date.

In view of the similarity between this case and City of Houston v. Estes, 35 Texas Civ. App., —, it is unnecessary to set out more fully the charter provisions or the nature of the case, as all the questions presented, except those presented by the cross-assignments, are decided in that case. It follows that in so far as the appeal of the city is concerned the judgment must be affirmed.

Appellee contends that by the act of the city council in embodying the charter provisions in its code of ordinances on November 11, 1897, it reappointed the policemen then in service for at least two years from the expiration of their terms under the previous appointment, and advances the proposition that the court should have awarded him his unpaid salary up to June 14, 1901.

We are of opinion the proposition can not be sustained. It was the manifest purpose of the Legislature, as evidenced by the terms of the special charter, to place the police of the city of Houston under civil service rules, and to protect from captious discharge not only those that might thereafter be appointed but those in office when the charter took effect. It did not assume to make appointments, nor did the council in embodying the charter provision in its code of ordinances assume to do more than make application of its provisions. They proceeded under the belief that the charter was valid in its entirety. Under that theory there could have been no necessity for reappointment, consequently there could have been no purpose to reappoint. Indeed their action lacks every element of reappointment.

The purpose to do so was wanting for the reasons given above. This is rendered certain by the further fact that their action antedated the expiration of a two-year term by nearly eighteen months. Conceding the power to appoint so far in advance of the necessity for such action, nothing is present in the facts of this case which would justify us in ascribing to the council such an improvident purpose. In that length of time the appointee might become wholly unfit for the place. The rights and duties of a subsequent council might intervene. In addition to all this the suggestion by the marshal, the nomination by the mayor, the requirement of examination as to fitness and qualification are all ignored. To sustain the proposition of appellee would be to hold that the mere act on the part of the council in lawfully embodying its charter provisions in its code of ordinances included a disregard of some of its most important provisions. If it be contended that the act of the council created a vacancy and constituted a reappointment on November 11, 1897, the answer is they had no power to declare a vacancy except upon trial for cause, and no such course was pursued.

On the face of it their action was a mere effort to continue them in office in accordance with the charter provision, and to give it the effect

of extending their term of office for two years beyond the term then pending would be as clearly a violation of the Constitution as the terms of the charter have been held to be.

We are aware of the doctrine announced in Bovee v. Catlin, 84 Texas, 48. But in the case cited the court goes no further than to declare the well-settled rule that an appointment may be made in anticipation of a vacancy. Such a course is a necessity and is universally followed both in elections and appointments, and the law not only permits but authorizes it to the end that vacancies may be provided against and holding over avoided. The right of the incumbent to hold over until his successor qualifies is a provision against unforeseen contingencies and to prevent lapses in the incumbency of offices which in every instance are presumed to be necessary to the public welfare. In Bovee's case, supra, there was an unquestioned right and purpose to appoint a successor to the then incumbent.

The position of appellee on this issue is presented with much force by the learned trial judge who rendered the judgment in City of Houston v. Floeck, this day decided by this court, but we are unable to concur in that view. For the reasons given we are satisfied the trial judge in the case at hand correctly held that there was no reappointment.

It is settled that in so far as the Legislature undertook to make the term of a policeman commensurate with good behavior the charter is unconstitutional, but that it will be given effect to the extent of a two-year term and that its provisions forbidding a discharge during the term except upon trial for cause is also valid. City v. Estes, supra.

The case was tried upon this theory and judgment awarded for the salary for appellee's unexpired term. No reversible error being shown, the judgment is in all things affirmed.

*Affirmed.*