TOM v. KLEPPER. (No. 420.)

(Court of Civil Appeals of Texas. El Paso. Jan. 7, 1915. Rehearing Denied Jan. 21, 1915.)

COUNTIES (§ 43*)—OFFICERS—TERM—CONSTITUTIONAL AND STATUTORY PROVISIONS — "VACANCY."

Const. art. 5, § 18, directs the division of each county in the four precincts, in each of which there shall be elected one county commissioner to hold office for two years, and until his successor is elected and qualified, which provision is re-enacted by Rev. St. 1911, art. 2236; and Const. art. 16, § 17, provides that all officers shall perform the duties of their office until their successors are duly qualified. Rev. St. 1911, art. 2240, provides that upon vacancy in the office of commissioner the county judge shall appoint a suitable person to serve until the next general election; section 3030 provides that on Monday following election the county commissioners' court shall open the election returns and declare the results; and section 3032 requires the county judge to thereafter deliver a certificate of election. Plaintiff was elected a county commissioner at a general election November 5, 1912, and duly qualified November 3, 1912. *Held*, that his term expired on the Monday following an election November 3, 1914, and that on failure to elect a commissioner he was not entitled to hold over, but there was a "vacancy" in the office, so that defendant's appointment and qualification thereafter were not premature, and would not be enjoined.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 51; Dec. Dig. § 43.*

For other definitions, see Words and Phrases, First and Second Series, Vacancy.]

Appeal from District Court, Martin County; S. J. Isaacks, Judge.

Action for injunction by P. C. Tom against J. L. Klepper. Judgment for defendant, and plaintiff appeals. Affirmed.

S. W. Pratt, of Stanton, and Royall G. Smith, of Colorado, Tex., for appellant. Morrison & Morrison, of Big Springs, for appellee.

WALTHALL, J. This case is an appeal from the order of the district judge of the Seventieth judicial district of Texas, made in vacation, refusing an application for a temporary writ of injunction.

Appellant, P. C. Tom, alleged in his petition filed on the 21st day of November, 1914, that at the general election held in Martin county, Tex., on the 5th day of November, 1912, he was duly elected county commissioner in commissioner's precinct No. 2 in said county, and duly qualified as such officer on the 23d day of November, 1912, by giving bond and taking the oath of office as required by law, and at once entered upon the discharge of the duties of that office. Appellant alleged that under section 18, art. 5, of the Constitution of Texas, he was and still is the legal incumbent of said office, for the reason that, while the general biennial election was held in Martin county on November 3, 1914, there was a failure to hold any such election in and for said commissioner's precinct No. 2, and that because of said failure there was no election of appellant's successor to such office as required by law, and that he is entitled to serve and act as such commissioner for that precinct until such time as his successor is elected and qualified, and that he is the de jure commissioner until such time.

Appellant alleged that on November 12, 1914, the county judge of Martin county, holding that there was a vacancy in the office of county commissioner for said pre-

cinct, on account of the failure to elect a commissioner at the general election in November, 1914, undertook to and did appoint appellee, P. L. Klepper, to serve as such commissioner until the next general election; that under said appointment, appellee undertook to qualify by giving bond and taking the oath of office as required by law, and is thereby usurping the functions of said office and undertaking to prevent appellant from discharging the duties thereof. Appellant alleged the value of the office to be $200 per annum. Appellee alleged that he was ready, willing, and able to discharge the duties of the office, that he was entitled to the office, and that an action at law would not afford him an adequate remedy, because practically six months will elapse before the next term of the district court for Martin county will be held, during which time he would be deprived of the honors of said office, as well as its emoluments. Appellant prayed for a writ of temporary injunction, enjoining and restraining appellee from interfering with him in the discharge of the duties of the office, and from usurping said office and undertaking himself to discharge same, for citation, and that the injunction be made permanent on final hearing, for costs, and for such further relief as he may show himself entitled to. The petition was verified. The district judge, on the 18th day of November, 1914, in chambers, entered an order denying the application for the injunction, to which appellant excepted and gave notice of appeal to this court.

Appellant has briefed the questions which, under his view of the case, are presented by the refusal of the district judge to grant the injunction prayed for, and his first assignment of error is based on the refusal of the district judge to grant the injunction; appellant claiming to be the duly elected, qualified, and acting commissioner for the precinct, by reason of his election and qualification in 1912, and no successor in office having been elected, he was entitled, under section 18, art. 5, of the Constitution of Texas, to hold the office, not only for two years, but until his successor shall have been elected and qualified.

Appellee's counter proposition to appellant's first assignment is to the effect that appellant's petition, showing appellant's election to the office in 1912, and his qualifying as such officer, entitled appellant to hold same for two years, and until his successor had qualified, and that a successor for him having been appointed and having qualified, at the expiration of the term for which appellant was so elected, and of the time to which he actually held permissively, to wit, November 12, 1914, after the general biennial election in 1914, there was no error in the judge's refusal to grant the writ.

Section 18, art. 5, of the Constitution of this state, directs that each county shall be divided into four commissioners' precincts, in each of which there shall be elected by the qualified voters thereof one county commissioner, "who shall hold his office for two years and until his successor shall be elected and qualified." Article 2236, Revised Civil Statutes, 1911, is in the verbiage of the Constitution. Article 2240, same statutes, provides:

"In case of vacancy in the office of commissioner, the county judge shall appoint some suitable person living in the precinct where such vacancy occurs, to serve as commissioner for such precinct until the next general election."

Article 16, § 17, Constitution of this state, provides that:

"All officers within this state shall continue to perform the duties of their offices until their successors shall be duly qualified."

We are of the opinion that the district judge was not in error in refusing to grant the temporary writ of injunction. Appellant was elected to the office of county commissioner of his precinct at the general election on the 5th day of November, 1912, and qualified as such officer on the 23d day of November, 1912. There is no question but that he would be entitled to hold the office for two full years. On what day did his term of two years begin? If appellant's two years of service commenced on the day of his qualification (23d day of November, 1912), he had not served his full term of two years on the 12th day of November, 1914, when the county judge made the appointment of appellee. The petition does not state the day on which appellee qualified as commissioner. The petition was verified on the 16th, and presented to the district judge on the 18th, day of November, 1914, and the petition alleges:

"That the defendant, J. L. Klepper, has undertaken to qualify by giving his bond in the amount and conditioned as required by law, and taking an oath in the form required by law, and is usurping the functions of said office, and undertaking to prevent this plaintiff from discharging the duties thereof, and to deprive this plaintiff of the fruits and emoluments of said office, and that he will continue to do so unless restrained by this court's most gracious writ of injunction."

In the case of State ex rel. Bovee v. Catlin, 84 Tex. 48, 19 S. W. 302, the Supreme Court said:

"There was no valid objection to making the appointment of his successor before the expiration of the term for which he was elected, for the election was made by the city council that would have made the appointment, had this been delayed until the expiration of two years after his qualification; and that respondent may not have been entitled to enter upon the discharge of the duties of the office until the expiration of his term in no manner affected the validity of the election" (i. e., the election of Catlin as city clerk by the city council).

The Supreme Court in that case, while not deciding the question as to the day on which Catlin could legally have entered upon his duties of city clerk, said that:

"It may be that the term for which he (Bovee) could legally hold ought to run from the day on which the election (of the city clerk) should have been made"

—which would have been in April, instead of July.

It will be seen from the case above quoted that the fact that the county judge, anticipating the termination of appellant's term of office, if it did terminate, could legally make the appointment to fill the vacancy that would occur on the 23d day of November, if the full two years of service of appellant would expire on that day; but appellee would not have been entitled to enter upon the duties of the office until the 23d day of November, two years after appellant qualified. But if, as we believe the better rule to be, appellant's two years of service expired immediately at the time when the county commissioners' court are required to open the election returns and estimate the result of the election as to county officers, in Martin county (article 3030, Revised Civil Statutes 1911), and the county judge required to issue certificates of election to county and precinct officers (article 3032, Revised Civil Statutes 1911), as suggested in the quotation made from the State v. Catlin Case, neither the appointment of appellee by the county judge as commissioner nor the qualification of appellee as such was premature, and appellee would not be usurping the office.

The only remaining question to be determined is: Was appellant entitled to hold over for another two years, or was there a vacancy in the office of county commissioner for precinct No. 2?

Our opinion is that there was a vacancy in the office of county commissioner for that precinct, within the meaning of article 2240, Revised Statutes, above quoted, at the expiration of appellant's full two years' service, by reason of the failure to elect a commissioner for that precinct at the general election in 1914. We think this view accords with the settled policy of our state Constitution restricting the duration of the terms of office, as provided in the articles of the Constitution and statute quoted. A holding beyond the two years would be by sufferance, rather than from any intrinsic title to the office. The question has frequently been the subject of judicial investigation, and has given occasion to disagreement of opinion in other jurisdictions. A review of the various holdings and the reasons given would be of little value. We are of the opinion that, while the very question presented, without some qualifying fact, has not been before our courts for decision, the courts in this state in several cases have established principles that fix the rule of construction and interpretation of the principle involved. In addition to the articles of the Constitution and statutes of this state, already re-

ferred to and quoted, we refer to the cases of Maddox v. York, 21 Tex. Civ. App. 622, 54 S. W. 25 (same case certified to Supreme Court on certificate of dissent and affirmed, 93 Tex. 275, 55 S. W. 1133); State ex rel. Bovee v. Catlin, 84 Tex. 48, 19 S. W. 302; Bickford v. Cocke, 54 Tex. 482; Robinson v. State ex rel. Eubank, 28 S. W. 566.

We are of the opinion that there was no error in the refusal of the district judge to grant the writ of injunction prayed for, and the order of the district judge refusing the injunction is affirmed.