

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. M. Trimble, First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-2865
Re: Authority of the commissioners
Court, under the stated facts,
to anticipate a vacancy in the
office of County Superinten-
dant, and the effect thereof.

You request our opinion upon the matter described in
a letter to you from Mr. E. C. Grindstaff, County Superinten-
dent of Runnels County, enclosed with your request, which reads
in part as follows:

"I have been elected county judge of this county,
to take office January 1st. I plan to resign November
6th, effective December 31st. Can the commissioners'
court go ahead and appoint someone to fill the unex-
pired term during the months of November or December
or will they have to wait until after the effective
date of resignation to appoint someone?"

Article 2855, Revised Civil Statutes of Texas, provides:

"The court shall have power to fill vacancies in
the office of: . . . county superintendent of public
instruction. Such vacancies shall be filled by a
majority vote of the members of said court, present
and voting, and the person chosen shall hold office
until the next general election."

The commissioners court may only make an appointment
to the office of county superintendent when there is a vacancy
in said office. This, however, does not preclude the court
from anticipating the existence of a vacancy in the office and
from making an appointment to fill same prior to the day the
office will actually become vacant, but effective only if and
when the vacancy in the office actually occurs.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

In State v. Catlin, 84 Tex. 48, 53, 19 S. W. 302, the Supreme Court of Texas declared:

"It is true that no vacancy existed when respondent was appointed, if by vacancy is meant that there was no person who could then lawfully discharge the duties of the office, for relator could lawfully discharge the duties of the office until his successor qualified; but it is true, if it be held that his term of office should continue for two years from the date of his qualification, that the time was near at hand, when the appointment of respondent was made, when his term of office as fixed by law would expire, and it was the duty of the city council to appoint his successor. There was no valid objection to making the appointment of his successor before the expiration of the term for which he was elected . . . ."

In City of Houston v. Mahoney, 80 S.W. 1142, 1143, it was said:

"We are aware of the doctrine announced in State v. Catlin, 84 Texas 48, 19 S. W. 302. But in the case cited, the court goes no further than to declare the well-settled rule that an appointment may be made in anticipation of a vacancy. Such a course is a necessity, and is universally followed both in elections and appointments; and the law not only permits but authorizes it, to the end that vacancies may be provided against, and holding over avoided. . . ."

The resignation of a County Superintendent on November 6th to become effective December 31st, is, of course, merely an announcement by the office holder of his intention to resign the office on December 31st. Until such date no vacancy will exist in the office of County Superintendent and the commissioners court is powerless to appoint anyone to assume the duties of the office prior to the effective date of the resignation -- in other words, prior to the actual existence of a vacancy in the office. This does not, however, prevent the commissioners court from anticipating the vacancy and from making provision therefor in advance. The appointment becomes effective only

Honorable T. M. Trimble, Page 3

when the office actually becomes vacant, which, under the facts of your request, would not be prior to December 31st.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Zollie C. Steakley_
Zollie C. Steakley
Assistant

ZCS:db

APPROVED NOV 4, 1940

ATTORNEY GENERAL OF TEXAS