

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

May 20, 1969

Honorable J. W. Edgar
Commissioner of Education
201 East 11th Street
Austin, Texas   78711

Opinion No. M-402

Re: Whether a person who is not
a registered voter can be a
candidate for or appointed
to the office of school
trustee, and related ques-
tions.

Dear Dr. Edgar:

You have requested the opinion of this office upon questions which arise out of the election of trustees for the Spring Creek Independent School District held on the first Saturday of April, 1969.

Your letter states that three trustees were to be elected and that one week prior to the date of the trustee election it was discovered that two of the four persons who had filed as candidates were not registered voters. However, since the ballots were already printed and absentee voting was in progress, the ballots were not changed and were used on the day of the election. The three persons receiving the highest number of votes were the two candidates who were registered voters and an incumbent trustee who had not reg- istered to vote. You have predicated the following questions upon these facts.

"1. Does Article 2776a operate to prohibit a candidate in an election for the office of school trustee who is not a registered voter at the time of his election to qualify for the office?

"2. Does Article 2776a and/or the cited Election Code provisions /̄Articles 1.05 and 1.06/ operate to prohibit appointment of a person, who‾ is not a qualified voter, to fill a vacancy on a school district board?

"3. Would Section 17 of Article XVI, Con- stitution of Texas, operate to permit the in- cumbent school trustee candidate for reelection,

who was not a qualified voter at 1969 election time, to serve the new term as holdover trustee where the local board does not appoint a fully qualified voter to fill the vacancy; or

"Does the factual situation require the school district board acting pursuant to Article 2777-1 to fill the vacancy by appointment of a person otherwise qualified and who is a registered voter?"

Article 1.05, Texas Election Code, provides that no person shall be eligible as a candidate for, or be elected or appointed to, any public office in this State unless he be eligible to hold such office under the Constitution and laws of this State. It further provides that no ineligible candidate shall be voted upon or have votes counted for him at any election, but that votes cast for an ineligible candidate shall be taken into account in determining whether any other candidate receives the vote necessary for nomination or election.

Article 1.06, Texas Election Code, prohibits the issuance of a certificate of election or appointment to any person who is ineligible to hold the particular office under the Constitution or statutes of this State.

The Legislature has specified in Article 2776a, Vernon's Civil Statutes, that "no person shall be elected as a trustee of a school district in this State unless he is a qualified voter." The term "qualified voter," as used in this statute, means that one must be a registered voter in order to be eligible for election to the office of trustee of a school district. Oser v. Cullen, 435 S.W.2d 896 (Tex.Civ. App. 1968, error dism. w.o.j.).

It is clear, therefore, that in order for a person to be eligible for either election or appointment to the office of school trustee, such person must be a registered voter at the time of the election or appointment. Attorney General's Opinion M-397 (1969). We answer your first two questions in the affirmative.

As you point out in your letter, the ineligible person who received the third highest vote at the election is an incumbent member of the board of trustees. Under the provisions of Article 2777, Vernon's Civil Statutes, the term of this trustee expired on the day the election in question was held. Since he is ineligible to be elected to the office

in question, there is a vacancy in such office that is subject to being filled by appointment. Whenever a term of office has ended and there has been a failure to elect someone to fill the office, a vacancy exists within the meaning of a statute which empowers some person or body of persons to fill vacancies in such office by appointment. Tom v. Klepper, 172 S.W. 721 (Tex. Civ.App. 1915, error ref.); Clark v. Wornell, 65 S.W.2d 350 (Tex.Civ.App. 1933, no writ).

Article 2777-1, Vernon's Civil Statutes, authorizes the members of the board of trustees of the Spring Creek Independent School District to fill the vacancy by appointment of someone who is eligible.

Section 17 of Article XVI of the Constitution of Texas specifically provides for an incumbent officer to continue to perform the duties of his office until his successor has qualified. One who holds over after his term of office has expired holds the office by sufferance and has no right or interest in the office itself, but functions to subserve the public convenience. Tom v. Klepper, supra; 47 Tex.Jur.2d 64, 65, Public Officers §43.

Therefore, in answer to your third question, you are advised that while the incumbent trustee who was ineligible for re-election is entitled to hold over and function in the office of school trustee, he has no right or interest in the office or the term of such office which began on the date of the election, other than to protect possession of the office from an intruder. As we have pointed out above, a vacancy exists in this office and the board of trustees is empowered to fill such vacancy by appointment. We find nothing which makes it mandatory that the board of trustees appoint someone to fill the existing vacancy. Consequently, the incumbent trustee is entitled to function in such office until the vacancy is filled by appointment of the board or a successor is elected at a subsequent election.

## S U M M A R Y

A person who is not a registered voter is ineligible to be elected or appointed to the office of trustee of an independent school district. Art. 2776a, V.C.S.; Attorney General's Opinion M-397 (1969).

Where an incumbent trustee who is not a registered voter receives the number of votes

which would entitle him to be elected if he were not ineligible, a vacancy exists in that office which is subject to being filled by appointment of the board of trustees pursuant to Article 2777-1, V.C.S. However, until the board of trustees fills the vacancy by appointment or someone is elected to such office, the incumbent is entitled to continue to function in the capacity of school trustee.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by W. O. Shultz
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
James Quick
Jack Sparks
David Longoria
Michael Stork

HAWTHORNE PHILLIPS
Executive Assistant

W. V. GEPPERT
Staff Legal Assistant