

# The Attorney General of Texas

October 7, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bill M. Reimer
Comal County Attorney
Room 112, Courthouse
New Braunfels, Texas /8130

Opinion No. MW-374

Re: Authority to call special
election for commissioner's
court when regular elections
were enjoined.

Dear Mr. Reimer:

Article XVI, section 65 of the Texas Constitution provides that county commissioners are to be elected for staggered terms of four years. Prior to the last general election in Comal County, however, a suit was brought against the county, with the result that a federal court enjoined the county from holding its scheduled election for commissioners in precincts one and three. The suit was subsequently dropped, and the injunction was then lifted. Your question is as follows:

> Is there any statutory provision authorizing a County Judge or County Commissioner's Court to call a special election for County Commissioners when the original primary and general election were enjoined due to allegations of population imbalance, but when such injunction was subsequently dismissed after the county's redistricting plan was approved?

Article V, section 18 of the Texas Constitution provides that county commissioners shall continue to perform the duties of their office until their successors "shall be elected and qualified." See also Tex. Const. art. XVI, §17. Therefore, until such time as successors to the incumbent commissioners in precincts one and three have been elected or appointed and have qualified, said incumbents continue in office.

Dollinger v. Jefferson County Commissioners Court, 335 F.Supp. 340 (E.D.Tex. 1971), holds that a commissioners court has no authority to call elections in any manner other than as provided in Texas law. Regular elections must therefore be held at the times specified in the constitution and statutes, and special elections may only be called for the purposes and under the circumstances spelled out therein. We

have been cited no provision, nor have we located any, which would authorize a county judge or commissioners court to call a special election under the circumstances you describe. Compare Elec. Code art. 4.09 (special election may be called to fill vacancy which is to be filled by election). We therefore answer your question in the negative.

Although you only inquire as to the authority of the commissioners court to call a special election under these circumstances, we feel compelled to point out that under Texas law, a vacancy now exists in the precincts in question within the meaning of article 2341, V.T.C.S. That statute provides as follows:

> In case of vacancy in the office of commissioner, the county judge shall appoint some suitable person living in the precinct where such vacancy occurs, to serve as commissioner for such precinct until the next general election.

Tom v. Klepper, 172 S.W. 721 (Tex. Civ. App. - El Paso 1915, writ ref'd), is almost squarely on point. In that case, Tom, who was elected county commissioner in 1912, alleged that the failure to hold a general election in 1914 meant that he was entitled to continue in office until a successor was "elected and qualified" within article V, section 18 of the constitution. The court held, however, that under the facts, a vacancy existed in the office of commissioner in Tom's precinct. It stated as follows:

> Our opinion is that there was a vacancy in the office of county commissioner for that precinct, within the meaning of article 2240 [now article 2341, V.T.C.S.], above quoted, at the expiration of appellant's full two years' service [now four years], by reason of the failure to elect a commissioner for that precinct at the general election in 1914. We think this view accords with the settled policy of our state Constitution restricting the duration of the terms of office, as provided in the articles of the Constitution and statute quoted. A holding beyond the two years would be by sufferance, rather than from any intrinsic title to the office.

172 S.W. at 723. See also Clark v. Wornell, 65 S.W.2d 350 (Tex. Civ. App. - Waco 1933, no writ); 47 Tex. Jur.2d Public Officers §44.

In view of these authorities, we believe the county judge of Comal County may now appoint a successor to serve until the next general election. In any event, an election must be held in the precincts in question at the next general election to elect commissioners to serve the remainder of the unexpired terms. V.T.C.S. art. 2341.

## S U M M A R Y

Texas law does not authorize a county judge or commissioners court to call a special election to vote on county commissioners when the regular election was enjoined but the injunction was subsequently lifted.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
James P. Allison
Jon Bible
Rick Gilpin
Jim Moellinger
Bruce Youngblood