

# THE ATTORNEY GENERAL
## OF TEXAS

June 5, 1987

JIM MATTOX
ATTORNEY GENERAL

Mr. Bob E. Bradley
Executive Director
Texas State Board of
   Public Accountancy
1033 La Posada, Suite 340
Austin, Texas   78752

Opinion No.  JM-720

Re:  Whether section 4(d) of article 41a-1, V.T.C.S., makes a member of the State Board of Public Accountancy ineligible for reappointment

Dear Mr. Bradley:

You ask whether a member of the Board of Public Accountancy is barred from reappointment by the following provision of The Public Accountancy Act of 1979:

> A board member who has served as a member for six consecutive years shall not be eligible for reappointment until two years shall have elapsed between the end of the term of his last prior appointment and the beginning of the term of a new appointment.

V.T.C.S. art. 41a-1, §4(d). See Attorney General Opinion C-171 (1963). The term of office of a board member is six years.  V.T.C.S. art. 41a-1, §4(a).

The board member you inquire about was appointed by the governor to the Board of Public Accountancy on May 12, 1981, to a term ending on January 31, 1987.  Thus, he had served as a board member for less than six consecutive years when his term came to an end on January 31, 1987.  Section 4(d) of article 41a-1, V.T.C.S., did not therefore render him ineligible for reappointment upon the expiration of his term.

The board member's term has already ended, and he has continued to serve in a holdover capacity as required by article XVI, section 17, of the Texas Constitution.  We will consider whether this service will affect his eligibility for reappointment.  Article XVI, section 17, of the Texas Constitution provides as follows:

> All officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified.

Tex. Const. art. XVI, §17.  See also V.T.C.S. art. 41a-1, §4(a) (each board member shall continue until a successor is appointed).  The purpose of section 17 is "to prevent a break in the public service and

to insure continuity by requiring all officers, after their respective terms of office had expired" to continue to serve until their successors had qualified. <u>Underwood v. Childress Independent School District</u>, 149 S.W. 773, 774 (Tex. Civ. App. - Amarillo 1912, writ dism'd). While the officer is holding over, there is a vacancy in office which may be filled by the appropriate authority. <u>State v. Catlin</u>, 19 S.W. 302 (Tex. 1892).

In our opinion, the "six consecutive years" in article 41a-1, section 4(d), must be served in a six year term. The gap of two years required between six year terms served by one person is measured from the end of one term to the beginning of another, suggesting that the legislature had in mind a six year term, and not six years served partially as an officeholder and partially as the holdover occupant of a legally vacant office. Moreover, the prohibition in section 4(d) was adopted only two years after board members' terms were lengthened from two to six years, with a transition period requiring two or four year terms for some board members. Acts 1961, 57th Leg., ch. 289, §3, at 608, 609; Acts 1959, 56th Leg., ch. 493, §1, at 1082. Thus, the legislature may have used the language "six consecutive years" instead of "a six year term" to include board members who had served six years in two or three terms. Service by the board member after January 31, 1987, in a holdover capacity will not be considered in determining whether he may be reappointed to the board.

If the board member is reappointed, he will hold office for a term beginning on February 1, 1987, and ending on January 31, 1993. His tenure of office during the second term would be six years, whether he was reappointed on February 1, 1987, or after May 12, 1987 following service in a holdover capacity. Our conclusion that the board member's service in a holdover capacity does not contribute to his "six consecutive years" service provides for consistent treatment of board members. Those whose reappointment is delayed through the governor's inaction will be treated consistently with those who are reappointed upon the expiration of their terms. Our construction thus reaches a fair result without undermining the purposes of section 4(d) of article 41a-1, V.T.C.S.

<u>S U M M A R Y</u>

Section 4(d) of article 41a-1, V.T.C.S., The Public Accountancy Act of 1979, applies to board members who have served a full six year term and bars them from reappointment to the board until two years have elapsed from the end of that term.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General