## WINNESHIEK COUNTY v. MAYNARD ET AL.

1. **Bond:** PUBLIC OFFICER: SURETIES. Where one elected to office failed until after the time for him to enter upon his duties to file his official bond, which had been duly prepared, and the office was thereupon declared to be vacant, and he was subsequently appointed to the same office, whereupon the bond first prepared was filed, *held* that the sureties thereon were not liable for the default of their principal.

*Appeal from Winneshiek Circuit Court.*

SATURDAY, JUNE 17. `

THIS action was brought against the defendant, L. S. Maynard, as collector of taxes of Bloomfield township, Winneshiek county; to recover a balance due from him for taxes collected, and also against W. H. Baker, T. A. Wendell and N. Peckham, as sureties upon said Maynard's official bond. A trial was had to the court upon the following stipulated facts:

"1. That the defendant, L. S. Maynard, was in A. D. 1871 elected township collector of Bloomfield township, in

said county, and duly qualified as such and discharged the duties of said office.

"2. That afterward, while he was the incumbent of said office, and at the November election, A. D. 1872, the said Maynard was re-elected to the same office.

"3. That on the 14th day of November, 1872, after such re-election, the defendants executed the bond, a copy of which is annexed to the petition, and the said Maynard on the same day took the oath of office indorsed upon said bond.

"4. That the said bond was not filed at the November session of the board of supervisors, A. D. 1872, nor before the 6th day of January, 1873.

"5. That the said bond was filed in the county auditor's office in said county on the 6th day of January, 1873, as appears from the indorsement thereon.

"6. That afterward, on the 7th day of January, A. D. 1873, the treasurer of said county did deliver to the said Maynard, as such township collector, the duplicate tax list for said Bloomfield township for the year 1872, for the collection of the taxes for that year designated therein, and took his receipt therefor as such collector.

"7. That thereupon the said Maynard entered upon the discharge of the duties of said office and did collect of the taxes on said tax list the sum of........, and did pay over to the county treasurer the sum of........only; that the balance unpaid is $931.63 and interest from June 1, 1873.

"8. That on the.... day of November, A. D. 1872, the board of supervisors of said county, then in session, declared the office of township collector of said township vacant.

"9. That afterward, on the.:.. day of November, A. D. 1872, the township trustees of Bloomfield township aforesaid did appoint the said L. S. Maynard township collector of said township.

"10. That on the 10th day of January, 1873, the board of supervisors of said county, then in session, directed the county auditor to approve the said bond on the filing in his office by the said Maynard within ten days thereafter of his appointment by the trustees to said office.

"11. That on the 20th day of January, 1873, the said Maynard did file in the said county auditor's office a certificate of his appointment by the said township trustees as collector for said township.

"12. That afterward, on the same 20th day of January, 1873, the said county auditor did indorse on said bond the approval thereof appearing thereon.

"13. That the defendant's sureties on said bond signed the same as sureties for said Maynard, as an elected officer and not as an appointed officer.

"14. That the said sureties did not authorize the said Maynard to file or use said bond after his appointment by the said trustees, nor under such appointment, nor for any other purpose than as an elected officer under his election of 1872.

"15. That the said defendants, sureties on said bond, had no knowledge until after Maynard's defalcation and about the first day of June, 1873, that he had filed said bond in the county auditor's office.

"16. That they severally did know that said Maynard was acting as township collector in collecting the taxes for A. D. 1872, and they severally paid to him their taxes for that year.

"17. That the defendant, Wendell, prior to the 6th of January, 1873, did hear the said Maynard say to parties offering to pay their taxes that there was no collector yet; that he would have the tax list in a few days, and then they could pay."

Judgment was rendered for the plaintiff. The defendants appeal.

*Willett & Wellington*, for appellants.

*E. E. Cooley*, for appellee.

ADAMS, J.—The bond recites that said Maynard has been *elected* collector for Bloomfield township. The answer avers that "said Maynard refused and neglected to qualify as collector pursuant to the election or otherwise, and refused and neglected to file the said bond and have the same approved as provided by law, and the said office became and was as pro-

vided by law duly declared by reason of said refusal and neglect by the proper authority to be vacant, and by reason thereof the said bond became and was and is of no validity whatever."

It is claimed by the appellee that it does not appear from the record that the bond was made before the appointment. We think, however, that as the bond purports to have been signed by the sureties for Maynard as an elected officer, and as it is stipulated that they signed it for him as an elected officer, it will be presumed in the absence of any other evidence that the bond was signed before the appointment, and before the office to which Maynard was elected was declared vacant.

It is also claimed by the appellee that it does not appear certain that the office was in fact vacant. We might concede, indeed, that it would not become vacant by the declaration of the supervisors that it was vacant. No presumption of regularity can create authority. But in the absence of any evidence showing that Maynard qualified as an elected officer, and with the positive evidence that he was appointed after the supervisors supposed that the office had become vacant, we think the presumption is, that the office did become vacant. The township trustees had power to appoint if there was a vacancy, otherwise not. The act of an officer which may have been within his official powers will be presumed to have been regular and within his powers, in the absence of all evidence to the contrary. While, therefore, the sureties signed the bond for Maynard as an elected officer, the plaintiff seeks to recover on it for his defalcation as an appointed officer. To this the appellee replies that the objection to the recovery is merely technical; that the officer is the same and the term of office the same; that at all events it covers the same period of time so far as it covers it at all, and that the sureties cannot justly complain. The obligation of a surety is, however, *strictissimi juris*. He cannot be held upon a contract on the plea that it is substantially the same or less onerous. This proposition admits of no controversy. The difficult point in this case is to determine whether the obligation which the

plaintiff is seeking to enforce is not identical with that which the sureties assumed, conceding the facts to be as they claim them. It is recited in the bond: "Whereas, said Maynard has been elected a collector, etc.," but it is claimed that these words constitute no part of the contract and that the bond was given simply to protect the county against his defalcations as collector. This position is certainly a plausible one.

But the bond was signed for Maynard as an incumbent of an office which became vacant. On this ground we think the bond should be considered as discharged. Maynard had no power to hold it against the contingency of his appointment. If Maynard had qualified in pursuance of his election and resigned, it would hardly be claimed that the bond could be tided over a vacancy and revived under an appointment.

On the occurrence of the vacancy, then, the sureties had a right to assume that they were no longer liable, and although Maynard was afterwards appointed, they had a right to assume that they had no occasion to examine his accounts while in office, or take measures to protect themselves against his defalcations after his office had expired.

We are of the opinion that the Circuit Court erred in rendering judgment against the sureties, and as to them it is

REVERSED.