## THE STATE EX REL. C. C. BICKFORD v. J. E. COCKE.

(Case No. 1304.)

1. PUBLIC OFFICE — QUO WARRANTO.— At a general election in 1880, an assessor of taxes was elected, who failed to qualify within the time prescribed by law, and who then presented to the commissioners' court his resignation, which was accepted. Another assessor was then appointed by that tribunal, who accepted and qualified. In a contest between the appointee and the old incumbent under a former election, involving the right to the office, *held* —

    1. The election, failure to qualify, resignation of the newly elected officer, and the appointment of one as his successor who qualified, ended the term of the old incumbent under a former election.

    2. The giving of the official bond was not a condition precedent to the title to the office divested by the election, but the failure to give it operated as a defeasance, which was a sufficient ground for a judicial declaration of forfeiture.

APPEAL from Marion. Tried before the Hon. B. T. Estes.

*McKay, Walker, Todd & Hudgins,* for appellant.

I. No vacancy can occur in the office of assessor of taxes, except by death, resignation after qualifying, or removal from office under some provision of the statute upon proper proceeding, or when the officer upon the application of a surety is required to give new bond, and fails

to give such new bond within twenty days after notice, or upon conviction of an officer by a petit jury for any felony, or official misconduct, and when in case he fails to reside in the proper county and to hold and keep his office at the place prescribed by law. Const., Gen. Prov., sec. 14; R. S., arts. 3388, 3401 *et seq.*, 3435, 3436, 3437, 3488.

II. The court erred in holding and adjudging that the relator should have given another and a new bond for the time for which Crawford was elected, before he could hold over; Crawford, the said officer elect, having failed to give bond and qualify. It was not shown that appellant and relator had given a bond for the new time and with reference to the preceding assessment, and the former was only for the time for which relator was elected.

III. The court erred in holding and adjudging that the time for which relator was elected and qualified, expired at the expiration of twenty days after the said Crawford had received notice of his election, and at the time when Crawford declined to qualify as indicated by his attempted resignation of said office; and in holding and adjudging that the constitutional and legal tenure of said relator in and to said office expired, and was concluded, upon the failure of said Crawford to qualify as such officer. See Const., art. VIII, sec. 14; Gen. Laws, 15th Leg., p. 265, ch. 153, sec. 1; R. S., art. 4693; 1 Dillon on Mun. Corp., 278, sec. 158 *et seq.*

IV. There are but two modes known to the law for filling the office of assessor of taxes; one by election at a general election pending the time of an incumbent, and the other by appointment by the county commissioners' court in case of a vacancy. 1 Dillon on Mun. Corp., p. 279, sec. 158, note 2, and authorities there cited, and Lindsey *v.* Luckett, 20 Tex., 519, 521.

V. There was no vacancy in the office at the time of the appointment of appellee by the county commissioners' court.

VI. The county commissioners had no power or juris-
diction to make the appointment of appellee, and their
action in that behalf was and is a nullity. R. S., 4694.

VII. Appellant Bickford was elected to the office in
1878 with a constitutional and legal right to hold and ex-
ercise the same until his successor should be elected and
qualified, or for the term of two years, and until the
election and qualification of his successor.

*Culberson & Armistead* and *W. L. Camp*, for appellee.

BONNER, ASSOCIATE JUSTICE.— At the general election
in 1878, the relator, C. C. Bickford, was elected assessor of
taxes for the county of Marion, and duly qualified and
entered upon his duties as such.

At the next succeeding general election, in 1880, M. K.
Crawford was elected to that office, but failed to qualify
within the twenty days prescribed by law. Some days
after the expiration of this time, he presented to the com-
missioners' court his resignation, which was accepted, and
J. E. Cocke, appellee, was appointed, who accepted and
was duly qualified.

This is a proceeding by information in the nature of a
*quo warranto*, under our statute (Appendix Revised Stat-
utes, 47), brought on the relation of Bickford, the former
incumbent, for the office. He claims that he is entitled
to hold it until his successor has been elected and quali-
fied; that there has been no vacancy; and that conse-
quently Cocke was not legally appointed.

On the trial below a jury was waived; judgment ren-
dered declaring that Cocke was duly entitled to the office,
from which this appeal is taken. The only question pre-
sented for our decision is this: Was there such vacancy
in the office as authorized the appointment of Cocke?

The constitution of 1876, art. VIII, sec. 14, and Revised
Statutes, art. 4693, provide for the election of an assessor

of taxes, who shall hold his office for two years and until his successor is elected and qualified.

The Revised Statutes, art. 4694, give authority to the county commissioners' court to fill vacancy for the unexpired term only, and until the election and qualification of an assessor at the next succeeding general election.

Article 4695 requires that every assessor of taxes shall, within twenty days after he shall have received notice of his election or appointment, and before entering upon the duties of his office, execute bond and take and subscribe the oath prescribed by the constitution.

Article 3400 reads as follows: "All county officers who are required to give official bonds, who shall fail to execute their bonds within the time prescribed by law, or who, when required in accordance with law to give a new bond or security, and shall fail to do so, may also be removed from office for such failure," etc.

Under what circumstances an incumbent, who is entitled to hold office until his successor is elected or appointed and qualified, can lawfully hold over, has frequently been the subject of judicial investigation, and has given occasion to disagreement of opinion. People v. Whitman, 10 Cal., 38; People v. Reid, 8 Cal., 290; People v. Langdon, 8 Cal., 11; People v. Tilton, 37 Cal., 614; State v. Lusk, 18 Mo., 333; State v. Seay, 64 Mo., 89; State v. Howe, 25 Ohio St., 588; Commonwealth v. Hanley, 9 Penn. St., 513; People v. Lord, 5 Mich., 227; State v. Wells, 8 Nev., 105; Hubbard v. Crawford, 19 Kans., 570.

The primary object of this provision, that the incumbent is entitled to hold the office until his successor is elected or qualified, is simply to prevent, on grounds of public necessity, a vacancy in fact in office until the newly elected or appointed officer can have a reasonable time within which to qualify.

The right of the officer who thus holds over is by sufferance, rather than from any intrinsic title to the office.

This view accords with the settled policy of our state constitution, restricting the duration of the terms of office. Const. 1871, art. VIII, sec. 14; art. XVI, sec. 30.

That there is a distinction between the right to an office and the right to enter upon the duties of an office, is evident from the terms of art. XVI, sec. 1, Const., which provides that all officers, before they enter upon the duties of their office, shall take the official oath, etc. There is a similar statutory provision in regard to the office under consideration. R. S., 4695. See dissenting opinion of Field, J., in People v. Whitman, 10 Cal., 47.

The right of removal for failure to give bond within twenty days after election or appointment, as provided for by Revised Statutes, art. 3400, above quoted, clearly recognizes an office from which a removal can be made.

This is further evident in subsequent art. 4518, in regard to the office of sheriff, which provides that on the failure to give the bond and take the oath within the twenty days, "the office shall be deemed vacant," and the commissioners' court of the county shall appoint "as in other case of vacancy." This is a substantial re-enactment of art. 5111, Pasch. Dig.

That a vacancy can be created by the election of one eligible to hold the office, and his failure to qualify, has been expressly decided. Opinion of Randall, Chief Justice, in matter of executive communication, 14 Florida, 217; State v. Matheny, 7 Kans., 327; State v. Hunt, 54 N. H., 431; Winnesheik County v. Maynard, 44 Iowa, 15; State v. Hopkins, 10 Ohio St., 509.

In the dissenting opinion of Field, J. (10 Cal., 48), it is said that "there is no difference between a vacancy occasioned by the failure of the person elected to qualify, and a vacancy occasioned by his resignation immediately after qualifying."

To the same effect is the dissenting opinion in the State v. Lusk, 18 Mo., 345.

In Sprowl *v.* Lawrence, under a similar statute to ours, it was held that the giving the bond is not a condition precedent to the title to the office invested by the election, but that the failure to give it would operate as a defeasance which would be sufficient ground for judicial declaration of forfeiture of the office. 33 Ala., 674; State *v.* Ely, 43 Ala., 574; State *v.* Blankenship, 44 Mo., 230; State *v.* Tomer, 7 Rich., 216; Crawford *v.* Howard, 9 Ga., 316.

We are of opinion that the election of Crawford, his failure to qualify, his subsequent resignation, and the appointment and qualification of Cocke as his successor, ended the term of office of Bickford, and therefore the judgment below is affirmed.

AFFIRMED.

[Opinion delivered March 15, 1881.]