**CLARK v. WORNELL et al.**

No. 1399.

Court of Civil Appeals of Texas. Waco.

Nov. 9, 1933.

Collins & Martin and R. W. Calvert, all of Hillsboro, for appellant.

Frazier & Averitte and Morrow & Clarke, all of Hillsboro, for appellees.

ALEXANDER, Justice.

This suit involves the right of appellant to hold the office of school trustee of a rural high school district. A regular election was held on the first Saturday in April, 1932, in the Blum rural high school district of Hill county for the purpose of electing a successor to P. A. Simmons, whose term of office as

trustee of said district expired on said date. After said election had been held, it was found that the candidate receiving the highest number of votes was disqualified to hold the office, and as a consequence it became necessary to appoint a successor to the said Simmons. The Hill county school board appointed the appellant, J. Wallace Clark, to fill the vacancy. The board of trustees of the Blum rural high school district appointed P. R. Hyder to fill said vacancy. Each of these parties claim the right to hold the office. The rural high school board recognized Hyder as the properly appointed trustee and refused to so recognize Clark. Clark brought this suit against Hyder and the members of said local board to require them to recognize him as a trustee of said school district. The trial court ruled against the plaintiff, and he appealed.

The Acts of 1930, 41st Leg., 5th C. S., p. 212, c. 66, § 4 (Vernon's Ann. Civ. St. art. 2774a, § 4), provides, in part, as follows: "The control and management of the schools of a rural high school district, established under the provisions of this Act, shall be vested in a board of seven trustees, elected by the qualified voters of the said district at large, who shall be elected and serve in accordance with the provisions of general law relative to common school districts except as may be otherwise provided herein; and provided that each of the original districts included in such rural high school district must be the residence of at least one member of said board. * * * *Should any rural high school district fail to elect a trustee or trustees as provided for in this Act, the county board of trustees shall appoint said trustee or trustees.* Those elected at the first election shall determine by lot the term for which they are to serve. The three members drawing numbers one, two and three shall serve for one year, the two members drawing numbers four and five shall serve for two years and the two members drawing numbers six and seven shall serve for three years, or until their successors are elected and qualified; and regularly thereafter on the first Saturday in April of each year three trustees or two trustees shall be elected for a term of three years to succeed the trustees whose terms shall at that time expire. *The members of the board remaining after a vacancy shall fill the same for the unexpired term.*" (Italics ours.)

The appellant claims that the county school board had authority to appoint him as the trustee for said district under the first italicized provision of said act, while the appellee, Hyder, contends that the trustees of the rural high school district had the authority to fill said vacancy under the other italicized provision of said act. Upon first presentation there appears to be some conflict between said two provisions of the act, but we believe, after a careful reading of the act, that its provisions can be harmonized and the true intention of the Legislature ascertained. Said act was intended to provide, not only for the selection of the first board of trustees for a newly created district, but to provide for the selection of successors thereto from time to time. We think the act contemplates that, upon the creation of a new rural high school district, an election shall be held for the purpose of selecting the required number of trustees, and that, if for any reason there is a failure to elect any one or more of the first board of trustees for such district, the county school board shall make appointments to fill such places. If, thereafter, there is a vacancy on said school board, either by reason of a failure to elect or for any other cause, the trustees of the rural high school district should make the appointment to fill such vacancy. In other words, it is our opinion that the portion of said act which provides, "should any rural high school district fail to elect a trustee or trustees as provided for in this Act, the county board of trustees shall appoint said trustee or trustees," applies only to the first board of trustees to be selected to govern the district upon the creation thereof, and that such provision has no application to filling vacancies after a full board for such district has once been created. The fact that, immediately preceding the above-quoted provision, the Legislature was apparently dealing with the creation of new districts, and that immediately following said provision it was provided that "those elected at the first election shall determine by lot the term for which they are to serve," indicates that the Legislature was dealing with, and had in mind, the selection of the first board of trustees for a newly created district. Until such board had been properly created, it was necessary to provide for the filling of vacancies therein by some outside agency. The act places this responsibility with the county school board. After the first board of the newly created district had once been properly created, there would be no need for an outside agency to fill vacancies therein. Such vacancies could be filled by the remaining members of the board, and hence the act provided that: "The members of the board remaining after a vacancy shall fill the same for the unexpired term."

Under the well-established rule in this state, upon a failure of the district to elect a successor to Simmons at the regular election held for that purpose, there was a "vacancy" in said office within the meaning of the last above quoted provision of said act. Tom v. Klepper (Tex. Civ. App.) 172 S. W. 721; Maddox v. York, 21 Tex. Civ. App. 622, 54 S. W. 24; Dobkins v. State ex rel. Reece (Tex. Civ. App.) 19 S.W.(2d) 574.

From what we have said, it is apparent that we are of the opinion that the board of

trustees of the Blum rural high school district, and not the county school board, had the right to select Simmons' successor, and that Hyder, and not Clark, has the right to fill such office.

The judgment of the trial court is therefore affirmed.