

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXIIIXXXXIIXXXXN~~
ATTORNEY GENERAL

Honorable P. G. Stanford
County Attorney
Yoakum County
Plains, Texas

Dear Sir:

Opinion No. 0-2230
Re: Vacancies on board of trustees of rural
high school district should be filled by
remaining members of board.

We are in receipt of your letter of April 12, 1940, requesting the
opinion of this department, which reads as follows:

"I am asking for an opinion on a question that seems to be contra-
dictory as to the statutory provisions therefor, to-wit: As to
whether or not the county school board of trustees or the local board
of a consolidated district shall appoint trustees to fill vacancies
on the local board of the consolidated district, and I cite you
to Articles 2745 and 2774a, Acts of 1930, 41st Legislature, Fifth
Called Session.

"There seems to be a contradiction in these statutes. Last year,
we being at that time a consolidated school district, grouped two
other smaller common school district with this one, to form a rural
high school district.

"When a vacancy occurs in the local board of seven members, do the
remaining members of the local board fill the vacancy or is the
appointment made by the county board of trustees?"

We understand from your letter that the school district in question has
been organized and is now functioning as a rural high school district.

Article 2745, Revised Civil Statutes of 1925, applies only to common school
districts and is not in conflict with Acts 1930, 41st Legislature, Fifth
Called Session, page 212 (Art.2774a, Vernon's Texas Civil Statutes) since
the last mentioned act does not purport to make provision with reference to
common school districts' trustees.

Your letter indicates that the question presented is with reference to
filling vacancies on the board of trustees of a rural high school district.
Article 2922e, enacted in 1925, provides that any vacancy shall be filled
by appointment by the county board of trustees. Section 4 of Acts 1930,

41st Legislature, Fifth Called Session, page 212, Ch. 66 (Article 2774a, Section 4, Vernon's Texas Civil Statutes) provides that if the rural high school district fails to elect a trustee the County Board shall appoint such trustee. It also provides that the members of the board remaining after a vacancy shall fill the same for the unexpired term. Article 2774a, Section 4, was construed and applied in Clerk vs. Wornell (T. C. A. 1933) 65 S. W. (2d) 350. The court held:

". . . . We think the act contemplates that, upon the creation of a new rural high school district, an election shall be held for the purpose of selecting the required number of trustees, and that, if for any reason there is a failure to elect any one or more of the first board of trustees for such district, the county school board shall make appointments to fill such places. If, thereafter, there is a vacancy on said school board, either by reason of a failure to elect or for any other cause, the trustees of the rural high school district should make the appointment to fill such vacancy . . . ."

"From what we have said, it is apparent that we are of the opinion that the board of trustees of the Blum rural high school district, and not the county school board, had the right to select Simmons' successor, and that Hyder, and not Clark, has the right to fill such office."

It is apparent that the court correctly applied Article 2774a, Section 4, and not Article 2922e, since the last mentioned statute is in direct conflict with the more recent enactment and has necessarily been repealed by implication in so far as this provision is concerned. Whittenberg vs. Craven (Com. App 1924) 258 S. W 152; 39 Tex Jur., p. 137, et seq.

It is our opinion that when a vacancy occurs in the board of trustees of a rural high school district, such vacancy should be filled by the remaining members of the board, and not by the county board of school trustees.

Yours very truly,

APPROVED APR. 20, 1940          ATTORNEY GENERAL OF TEXAS
s/ GROVER SELLERS
FIRST ASSISTANT          s/ Cecil C  Cammack
ATTORNEY GENERAL


APPROVED OPINION COMMITTEE
BY B. W. B. CHAIRMAN          By
                                   Cecil C. Cammack
                                       Assistant

CCC:LW