

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 1, 1958

Honorable Walter P. Purcell
County Attorney
Duval County
San Diego, Texas

Dear Mr. Purcell:

Opinion No. WW-529

Re: Whether other appoint-
ments to succeed original
appointees to fill vacan-
cies in the offices of
County Commissioner and
Justice of the Peace may
be made following the
general election where no
one was elected to the un-
expired term.

Your request for an opinion reads in part as follows:

"There existed a vacancy in the office of
County Commissioner of Precinct 4 and Justice of
the Peace of Precinct 1 which were properly filled
by appointment by the County Judge and the Commis-
sioners Court, respectively, and the following
people were appointed to their respective posi-
tions: Jose Ramos, Commissioner Precinct 4 and
C.E. Perez, Justice of the Peace, Precinct 1, and
there is no question as to the validity of their
appointments and their qualifications. Both of
these appointments were prior to the General Elec-
tion held on November 4th, 1958.

"Assuming that the terms of these officers
expire when the results of the General Election
of November 4th, 1958 were canvassed officially,
the County Judge on November 10th, 1958 appointed
Felipe Valerio, Jr. as Commissioner for the unex-
pired term which extended through December 31st,
1958, and the Commissioners Court appointed P.Q.
Rodriguez to fill the unexpired term of Justice
of the Peace, Precinct 1, which extended through
December 31st, 1958. Both of the appointees of
November 10th, 1958 presented their bonds, which
were approved, and took the oath of office. No
question is made as to the form of qualification.

"The original appointees, who were serving up until the General Election without question, now contend that no vacancies existed and that the County Judge and the Commissioners Court had no right or authority to appoint others in their place to serve the unexpired term up until December 31st, 1958. The appointees named and qualified in form on November 10th, 1958 insist on their right to serve.

"There was no candidate running or elected to fill these unexpired terms.

"I would appreciate an opinion as to which set of officers are entitled to serve during the ensuing period from the General Election until December 31st, 1958. There is no litigation in Court at this time in regards to these questions."

Our study of this question has led us to the conclusion that the persons appointed on November 10, 1958, are entitled to the offices for the remainder of the unexpired terms.

The original appointments to fill the vacancies in these offices were made until the general election in 1958. Art. 2341, Revised Civil Statutes; Art. V, Sec. 28, Constitution of Texas. The period for which the original appointments were made terminated either on the date of the general election or on the date the Commissioners Court canvassed the returns of the election as provided in Article 8.34 of the Election Code, and any further right which the appointees had to the offices was by virtue of the hold-over provisions in Art. XVI, Sec. 17 of the Constitution and Art. 18 of the Revised Civil Statutes. While there is some authority in other jurisdictions to the effect that an appointment which is made to continue until a stated election terminates on the day of holding the election, we are of the opinion that the appointment should be construed as continuing until the completion of the election and that the hold-over provision does not come into operation until the election is completed. In any event the period of the appointments in this case had terminated when the new appointments were made.

An officer, whether elected or appointed, is entitled to continue in office until his successor qualifies. Hamilton v. State, 40 Tex.Crim. 464, 51 S.W. 217 (1899); Ex parte Sanders, 147 Tex. 248, 215 S.W.2d 325 (1948); 34 Tex.Jur., Public Officers, § 31. However, the fact that an incumbent is filling an office as a hold-over, so that there is not a physical vacancy in the office, does not prevent there being a constructive vacancy in the sense that the appointing power may proceed to fill the vacancy by choosing a successor. State v. Cocke, 54 Tex. 482 (1881).

The purpose of the hold-over provision is to prevent an interruption in governmental functions and not to confer on the hold-over officer any additional claim to the office as a matter of right. "The primary object of this provision, that the incumbent is entitled to hold the office until his successor is elected or qualified, is simply to prevent, on grounds of public necessity, a vacancy in fact in office until the newly elected or appointed officer can have a reasonable time within which to qualify. The right of the officer who thus holds over is by sufferance, rather than from any intrinsic title to the office." State v. Cocke, supra.

The shortness of the remaining portion of the unexpired term is without significance. While the occasions in which the appointing authority might wish to make another appointment are probably lessened because of the shortness of the period, the applicable principles are the same as if the unexpired term was to run for two more years or for any other period of time. As pointed out in Attorney General's Opinion No. WW-516 (1958), it would have been possible for someone to run for and to be elected to this short term, and the incumbent would have been required to surrender the office to an elected successor as soon as the successor had qualified after completion of the election. We do not perceive that the incumbent's right to the office is any different than if there had been someone elected to the unexpired term.

We have not found any Texas case passing on the power of the appointing authority to make another appointment to an unexpired term after the general election where no one is elected to fill the remainder of the term. In Ex parte Sanders, supra, which involved the title to the office of District Judge as between the appointed incumbent and the person elected to the succeeding full term, the Supreme Court held that the appointed incumbent was entitled to continue in office as a hold-over during the remainder of the unexpired term and observed that otherwise the district court "would be at a standstill from November 2, 1948, to January 1, 1949, for want of a judge to man it." Also see Hamilton v. State, supra. In neither of these cases had another appointment been attempted and we do not consider them as having ruled on the exact date on which the original appointment terminated or on whether another appointment could have been made.

It is clear that an original appointment can be made to fill an unexpired term where a vacancy occurs after the general election at which the succeeding full term is regularly filled. Dobkins v. State ex rel. Reece, 19 S.W.2d 574 (Tex.Civ.App. 1929). It is also clear that a person other than the incumbent may be appointed, at the proper time, to fill a vacancy in a succeeding full term where no one has been elected to that term or where the elected successor to the full term fails to qualify or dies or resigns before qualifying or assuming the office, even though there is an elected or appointed incumbent who is under a duty to hold over until a successor qualifies and who is willing to continue in the office. Dobkins v. State ex rel. Reece, supra; State v. Cocke, supra; Maddox v. York, 54 S.W. 24 (Tex.Civ.App. 1899, affirmed

93 Tex. 275, 55 S.W. 1133); Tom v. Klepper, 172 S.W. 721 (Tex. Civ.App. 1915, error ref.).

We are of the opinion that the above-cited authorities are controlling unless there is a valid basis for distinction between the rights and powers existing where the incumbent holds over into a succeeding full term and those existing where he holds over into the remaining portion of an unexpired term. We are unable to find any such basis. The original appointee's rights are based on the length of his appointment and not on the length of the term. He has no more claim to the portion of the unexpired term remaining after the termination of his appointment than he has to the succeeding full term. We conclude that the offices here involved were constructively vacant on November 10, 1958, and were subject to being filled by further appointment for the remainder of the unexpired term.

## SUMMARY

Where no one was elected at the general election in 1958 to fill an unexpired term in the office of County Commissioner which will expire on December 31, 1958, an incumbent who was serving under an appointment until that election had no right to the office except as a hold-over after the election was completed, and the County Judge could appoint another person as his successor to serve out the remainder of the unexpired term. Likewise, under similar conditions the Commissioners Court could appoint another person to serve out the remainder of an unexpired term in the office of Justice of the Peace.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Mary K. Wall
Mary K. Wall
Assistant

MKW:bh

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Marvin H. Brown, Jr.
Edward Cazares
John Flowers

REVIEWED FOR THE ATTORNEY GENERAL
BY:
W.V. Geppert