

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

April 6, 1965

Honorable William Hunter
District Attorney
69th Judicial District
Dalhart, Texas

Opinion No. C-415

Re: Existence of a vacancy in the office of County Attorney of Sherman County, under the stated facts.

Dear Sir:

In order that the question presented and the contentions of the interested parties may be fully understood, we deem it desirable to quote in full your letter requesting an opinion of this office, as follows:

"I would appreciate an opinion as to the following question: Whether the Commissioners Court of Sherman County, Texas, may declare the office of County Attorney of Sherman County, vacant and appoint a person to fill the vacancy under the following state of facts.

"In November, during the election in Sherman County, the incumbent for the office of County Attorney had his name on the ballot. When the votes were counted, another person by write-in vote had received a majority of the votes for that office. The person receiving the majority of the votes for that office, at the time of the election, was not qualified to hold the office of County Attorney, in that he had taken his bar exam, but such bar exam had not been graded and he had not been admitted to the bar. He was admitted to the bar before January 1, 1965.

"After the election, the person receiving a majority of the votes, Dyess, brought a mandamus action against the members of the Com-

missioners Court joining the incumbent, Coons, as defendant also. In such action, Dyess sought the office alleging that he was eligible to the office of County Attorney and had been declared the winner in such election and alternatively alleging that the office of County Attorney should be declared vacant for the reason that no eligible candidate received a majority or plurality of the votes cast. A hearing was thereafter held and the court determined that no eligible candidate received a majority or plurality of the votes cast for said office in said general election. There was not a determination by the court that the office was vacant as of January 1, 1965. Such judgment is now a final judgment.

"The Commissioners Court is now attempting to determine whether the incumbent holds over and continues in the office of County Attorney or whether the Commissioners Court has the authority to declare or recognize a vacancy in the office and in turn appoint a person to hold the office of County Attorney.

"On one hand it is argued that under Section 17 of Article 16 of the Constitution of Texas, all officers within this State shall continue to perform the duties of their office until their successor shall be duly qualified. Section 24 of Article 5 of the Constitution provides for the removal of an officer including County Attorney by the District Court upon a finding of a jury and there are numerous cases to the same effect. See Hamilton v. King, Tex. Civ. App., 206 SW 953, Childress County vs. Sachse, Civ. App., 310 SW 2d 414. It is therefore argued that the proceedings filed by Dyess did not determine that there was a vacancy in the office and the Commissioners Court can not determine that there was a vacancy and can not appoint someone to fill the office.

"It is also contended that because the Court in the mandamus action above mentioned refused to declare that a vacancy in the office of County

Attorney would exist as of January 1, 1965, as prayed for by Dyess in his petition, the matter is now res judicata regardless of whether or not such holding was erroneous. Long v. Chapman, Tex. Civ. App., 151 SW 2d 879 (no writ history); Hunt v. Wichita County Water Improvement District No. 2, Tex. Civ. App., 213 SW 2d 343 (error refused) N. R. E.

"In Childress County v. Sachse, Tex. Civ. App., 310 SW 2d 414, the court said:

"'Where the State Constitution prescribes the manner of removing a public official, neither the Legislature, Executive officers nor the Judiciary can act beyond the limitations of the Constitution. Travlers' Ins. Co. v. Marshall, 124 Tex. 45, 76 S.W. 2d 1007.'

"On the other hand, Dyess contends that since no person was elected to the office of County Attorney, and the term of office of the incumbent has expired, a constructive vacancy exists which the Commissioners Court may fill by appointment. Tom v. Klepper, 172 SW 721, (Tex. Civ. App. 1915, error ref.); Denison v. State, 61 SW 2d 1017 (Tex. Civ. App. 1913, error ref.); Clark v. Wornell, 65 SW 2d 351, (Tex. Civ. App. 1933, no writ hist.); Maddox v. York, 54 SW 24, (Tex. Civ. App. 1899, affirmed 55 SW 1133). The fact that an incumbent is filling an office as a hold-over, so that there is not a physical vacancy in the office, does not prevent there being a constructive vacancy in the sense that the appointing power may proceed to fill the vacancy by choosing a successor. State v. Cocke, 54 Tex. 482, (1881); Attorney General's Opinion WW-529 (1958); Attorney General's Opinion WW-541, (1959). Where a vacancy exists, it is not essential that there be a judgment of the District Court declaring that a vacancy exists before the Commissioners Court can act. Ehlinger v. Rankin, 29 SW 240, (Tex. Civ. App. 1895, no writ history); 34 Tex. Jur., Public Officers sec. 33. A vacancy in an office is created, in the sense that a person may be chosen to fill it, by the expiration of

the incumbent's term. Clark v. Wornell, supra;
Denison v. State, supra.

"I would appreciate an opinion as to the above
question."

The first matter to dispose of is whether the ques-
tion of existence of a vacancy was adjudicated in the mandamus
suit and is now res judicata. The petition for mandamus prayed
that the defendants "be ordered to canvass all votes cast in-
cluding the write-in votes and to declare Plaintiff as winner
for the office of County Attorney of Sherman County or in the
alternative that the office be declared vacant on January 1,
1965, and that mandamus issue to this effect."

The judgment as prepared by plaintiff's attorney and
as presented to the court contained a provision commanding the
defendants to declare the office vacant as of January 1, 1965,
but the Judge deleted this provision by lining it out before
he signed the order. As signed and entered, the order of the
court reads as follows:

" * * * IT IS ACCORDINGLY ORDERED, ADJUDGED
AND DECREED that a peremptory writ of mandamus
issue directing and commanding the Defendants to
forthwith proceed with all reasonable dispatch
to canvass all votes cast, including the write-in
votes, for the office of County Attorney at the
general election held November 3, 1964, in Sherman
County, Texas, and declare ~~the-office-vacant-as-of~~
~~January-1,-1965,-for-the-reason~~ that no eligible
candidate received a majority or plurality of the
votes cast for said office in said general election;
* * *."

Long v. Chapman, 151 S.W.2d 879 (Tex.Civ.App. 1941),
and Hunt v. Wichita County Water Improvement District No. 2,
213 S.W.2d 343 (Tex.Civ.App. 1948, error ref. n.r.e.), cited
in support of the contention that the matter is now res judicata,
state the rule that "when a court acquires jurisdiction of the
parties and subject matter and enters a judgment that is per-
mitted to become final, it will be deemed that all issues plead
and proved, as well as those which could have been properly plead
and proved, have been adjudicated." This rule states a presump-

tion that the matter has been adjudicated, but this presumption is subject to rebuttal; and parol evidence may be received in rebuttal insofar as it does not tend to contradict the record. Cook v. Burnley, 45 Tex. 97 (1876); Freeman v. McAninch, 87 Tex. 132, 27 S.W. 97 (1894); 34 Tex.Jur.2d 668, Judgments, § 559.

The Judge presiding in the mandamus action wrote a letter to the Commissioners Court of Sherman County, some time after the judgment was rendered, in which he stated that he had been quoted as saying that a vacancy would exist as of January 1, 1965, and that he felt compelled "to set the record straight and to forestall any confusion which might arise in your court by reason of my being so quoted." The Judge then stated the reasons why he struck from the judgment the recitation which would have declared the office vacant as of January 1, 1965. He cited Article 16, Section 17 of the Texas Constitution, which provides that "all officers within the state shall continue to perform the duties of their offices until their successors shall be qualified," and cited additionally Article 5, Section 24 of the Constitution, with this comment:

> "Art. 5, pp. /sic/ 24, provides for the manner in which county officers ' * * * may be removed by the Judges of the District Courts * * * upon the cause therefor being set forth in writing, and the finding of its truth by a jury.' Hence a District Judge is not empowered to declare a vacancy in a county office until that question has first been decided by a jury. No request was made by either of the parties in the above styled case for a jury determination of the question of a vacancy in the office of county attorney of Sherman County."

This latter explanation shows that the court made no determination on the merits as to the existence of a vacancy, and hence the question is not res judicata. Foster v. Wells, 4 Tex. 101 (1849); Cook v. Burnley, supra; 34 Tex.Jur.2d 524, Judgments, § 473. We believe the court was mistaken in treating this matter as one involving removal of a public officer under Article 5, Section 24 of the Constitution, but the correctness of the basis for the court's refusal to rule on the question is unimportant to the issue of res judicata.

The votes cast for an ineligible candidate in the general election must be taken into account in order to determine whether his opponent has received a plurality of the votes cast, which is required for election. <u>Ramsey v. Dunlop</u>, 146 Tex. 196, 205 S.W.2d 979 (1947). Clearly, the incumbent Coons was not re-elected to the office of County Attorney, and his only right to the office after January 1, 1965, was as a hold-over under the provisions of Article 16, Section 17 of the Constitution. As previously stated, this section provides that officers shall continue to perform the duties of their offices until their successors shall be duly qualified. The status of a hold-over officer was fully considered in Attorney General's Opinion No. WW-529 (1958), in which it was said:

"An officer, whether elected or appointed, is entitled to continue in office until his successor qualifies. <u>Hamilton v. State</u>, 40 Tex.Crim. 464, 51 S.W. 217 (1899); <u>Ex parte Sanders</u>, 147 Tex. 248, 215 S.W.2d 325 (1948); 34 Tex. Jur., Public Officers, § 31. However, the fact that an incumbent is filling an office as a hold-over, so that there is not a physical vacancy in the office, does not prevent there being a constructive vacancy in the sense that the appointing power may proceed to fill the vacancy by choosing a successor. <u>State v. Cocke</u>, 54 Tex. 482 (1881). The purpose of the hold-over provision is to prevent an interruption in governmental functions and not to confer on the hold-over officer any additional claim to the office as a matter of right. 'The primary object of this provision, that the incumbent is entitled to hold the office until his successor is elected or qualified, is simply to prevent, on grounds of public necessity, a vacancy in fact in office until the newly elected or appointed officer can have a reasonable time within which to qualify. The right of the officer who thus holds over is by sufferance, rather than from any intrinsic title to the office.' <u>State v. Cocke</u>, supra.

" * * *

" * * * It is also clear that a person other than the incumbent may be appointed, at the proper time, to fill a vacancy in a succeeding full term where no one has

been elected to that term or where the elected successor
to the full term fails to qualify or dies or resigns
before qualifying or assuming the office, even though
there is an elected or appointed incumbent who is under
a duty to hold over until a successor qualifies and
who is willing to continue in the office. <u>Dobkins v.
State ex rel. Reece</u>, supra /19 S.W.2d 574 (Tex.Civ.App.
1929)7; <u>State v. Cocke</u>, supra; <u>Maddox v. York</u>, 54 S.W.
24 (Tex.Civ.App. 1899, affirmed 93 Tex. 275, 55 S.W.
1133); <u>Tom v. Klepper</u>, 172 S.W. 721 (Tex.Civ.App. 1915,
error ref.)."

The remaining question is whether the existence of the
vacancy must be declared by a district court before the commis-
sioners court is authorized to appoint someone to fill it.  The
procedure required by Article 5, Section 24 of the Constitution
applies to removal of a county officer during the term for which
he was elected or appointed. <u>Hamilton v. King</u>, 266 S.W. 953
(Tex.Civ.App. 1918), cited in your letter, involved the authority
of the commissioners court to declare in September, 1918, that
the office of county attorney was vacant because of absence of
the elected county attorney from the county following his in-
duction into the Army of the United States in March, 1918,
during the two-year term to which he was elected at the general
election in 1916. <u>Childress County v. Sachse</u>, 310 S.W.2d 414
(Tex.Civ.App., 1958, error ref. n.r.e. 158 Tex. 371, 312 S.W.2d
380), passed on the authority of the county judge to declare a
vacancy in the office of county commissioner upon a change in
boundaries of the commissioners precinct in March 1955, during
the term of the elected incumbent which began on January 1, 1955.
This procedure has no application to replacement of a hold-over
incumbent after his term has expired.  The duty of the incumbent
to continue in office until his successor qualifies is the same,
whether the successor has been elected or whether he is to be ap-
pointed because of failure to elect, and the hold-over's rights
in respect to the office are no different in the one case than
in the other.  He is holding the office by sufferance, rather
than from any intrinsic title to the office. <u>State v. Cocke</u>,
54 Tex. 482 (1881).  A removal proceeding is no more necessary
in the latter event than in the former.

All the cases cited in the second paragraph quoted
from Opinion No. WW-529, supra, confirmed the power to appoint
a successor following expiration of an incumbent's term where

there was no officer-elect to assume the office; yet in none of those cases had there been an adjudication by a district court, prior to the time the appointment was made, that a vacancy existed. Each case involved a contest between a hold-over incumbent and an appointee over the right to a county office. We think these cases are controlling in the fact situation before us. It is our opinion that the Commissioners Court of Sherman County may recognize the existence of a constructive vacancy in the office of County Attorney of Sherman County at the present time and may appoint a person to fill the vacancy. Att'y Gen. Op. No. 0-3024 (1941).

## SUMMARY

Where no eligible candidate was elected to the office of County Attorney of Sherman County at the general election in 1964, and the incumbent continues to perform the duties of the office, as provided in Article 16, Section 17 of the Texas Constitution, the Commissioners Court of Sherman County may recognize the existence of a constructive vacancy in the office for the term which began on January 1, 1965, and may appoint someone to fill the vacancy, without the necessity for a judicial determination by a district court that the vacancy exists.

Yours very truly,

WAGGONER CARR
Attorney General

By *Mary K. Wall*

Mary K. Wall
Assistant

MKW:sj:cg

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Ivan Williams
Harold Kennedy
Linward Shivers
Marietta Payne

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone

-1960-