**458**

Jaime T. DIAZ et al., Appellants,

v.

Roy VALADEZ, Appellee.

No. 939.

Court of Civil Appeals of Texas, Corpus Christi.

Feb. 27, 1975.

Paul D. Rich, Oficina de la Gente, Inc., Crystal City, for appellants.

Joe I. Cardenas, Cardenas & Talbert, Weslaco, for appellee.

## OPINION

YOUNG, Justice.

In this election contest, James T. Diaz and Francisco J. Silva, the two losing candidates in a school trustee election, challenged the qualifications to serve of Roy Valadez, who was an apparent winning candidate for one of the three open positions. The contestants requested in their petition that the election be nullified as to Valadez and that another election be held. In a non-jury trial before the court the parties submitted the case on an agreed statement of facts. Thereafter the trial court rendered judgment that the contestants taking nothing. The contestants appeal.

The agreed facts are brief; so we have set them out in their entirety as follows:

"First, an election was held on April 6, 1974, by the Santa Maria Independent School District [Cameron County, Texas] to fill three terms on the Board of Trustees. Five candidates were placed on the ballot, to-wit: Roy Valadez, James T. Diaz, Francisco J. Silva, Monico Trevino, and Cordell Gunn.

Second, the results of that election were as follows: Valadez—109, Trevino—96, Gunn—95, Silva—49, and Diaz—47.

Third, following certification of the results and swearing in of the top three candidates as Trustees, Roy Valadez was served with citation in the present law suit on May 4, 1974.

Fourth, at such time it was verified that Mr. Valadez was not a registered voter at the time of his election.

Fifth, on May 13, 1974, after the filing of this election contest, Roy Valadez resigned from the Board of Trustees of the Santa Maria Independent School District.

Sixth, said position vacated by Mr. Valadez remains unfilled as of this date. [August 14, 1974]"

In two points of error, the appellants complain: 1) that the true results of the election were not ascertainable; therefore, the trial court should have ordered another election as to Valadez' position; 2) that the trial court incorrectly held that a vacancy exists which should be filled by the remaining members of the board.

About appellants' first point, Vernon's Tex. Election Code Ann. art. 9.15 (1966), provides in part:

"If it appears on the trial of any [election] contest . . . that it is impossible to ascertain the true result of the election . . ., either from the returns of the election or from any evidence within reach or from the returns considered in connection with other evidence, . . . the court shall adjudge such election void, and . . . order another election . . . ."

In considering art. 9.15, the Court in Oser v. Cullen, 435 S.W.2d 896, 900 (Tex.Civ.App.—Houston (1st Dist.) 1968, writ dism'd) held that in an election contest only such matters happening on the day of the election and pertaining strictly to the election may be inquired into or determined by the trial court. See Wheat, The Statutory Election Contest Under the Texas Election Code, 21 Tex.B.J. 629, 658 (1958).

Appellants have not by their pleadings nor by their proof challenged any voters who voted or votes that were cast at the election on April 6, 1974. Their complaint is solely about the ineligibility of Valadez as a candidate in that he was not a registered voter. That ineligibility did not interfere with the ascertainment of the true results of the election. These results were those agreed to and set out above. The trial court, therefore, correctly held that art. 9.15 was not applicable and that another election should not be ordered. Appellants' first point is overruled.

About appellants' second point, Vernon's Tex.Educ.Code Ann. § 23.18 (1972) provides in part:

"(a) If a vacancy occurs in the board of trustees, the remaining members of the board of trustees shall fill the vacancy until the next regular election for members of the board of trustees. . . ."

In Clark v. Wornell, 65 S.W.2d 350 (Tex. Civ.App.—Waco 1933, no writ) the Court had before it the matter of a disqualified candidate's receiving the highest number of votes at a school board election. The Court reasoned that the disqualified candidate's winning constituted a failure to elect a successor to the expiring term; therefore, a "vacancy" was created that authorized the remaining trustees to fill by appointment.

Admittedly, *Clark* was not an election contest, but we believe the reasoning there about failure to elect applies to our case. We have held above that art. 9.15 (providing for another election) is not applicable. So the most reasonable alternative, when there is a failure to elect, is filling the consequent vacancy by appointment made by the most appropriate body of persons empowered to appoint. That body is the remaining school board members, pursuant to § 23.18 of the Education Code, supra.

The trial court, therefore, properly held that a vacancy exists on the Board of Trustees of the Santa Maria Independent School District which should be filled by appointment by the remaining members of the board. Appellants' second point is overruled.

The judgment of the trial court is affirmed.